**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4782**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

JUAN PEREZ-LIMON, a/k/a Rodrigo Aguilar Tlaczani,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:11-cr-00028-REP-1)

Submitted:  April 18, 2012        Decided:  May 7, 2012

Before WILKINSON and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Valencia D. Roberts, Assistant Federal Public Defender, Patrick L. Bryant, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant. Neil H. MacBride, United States Attorney, S. David Schiller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Perez-Limon appeals the forty-six-month sentence imposed following his guilty plea to illegal reentry after conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). On appeal, Perez-Limon argues that the district court imposed a substantively unreasonable sentence. We affirm.

We review a sentence imposed by a district court for reasonableness, applying a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 46, 51 (2007); United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). We first examine the sentence for "significant procedural error." Gall, 552 U.S. at 51. If we find a sentence procedurally reasonable, we must consider its substantive reasonableness, taking into account the totality of the circumstances. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). On appeal, we presume a within-Guidelines sentence is substantively reasonable. United States v. Bynum, 604 F.3d 161, 168-69 (4th Cir. 2010). "Even if we would have reached a different sentencing result on our own, this fact alone is 'insufficient to justify reversal of the district court.'" Pauley, 511 F.3d at 474 (quoting Gall, 552 U.S. at 51).

Perez-Limon does not challenge the procedural reasonableness of his sentence; instead he argues that the

district court imposed an unreasonable sentence because (1) the Guidelines calculation placed too much weight on a prior conviction; (2) his minimal criminal history warranted a shorter sentence; and (3) the illegal reentry Guidelines were not based on empirical evidence. Perez-Limon's first two claims are meritless, because they essentially ask this court to substitute our judgment for that of the district court. The district court clearly considered Perez-Limon's arguments for a downward variance, and we will defer to its judgment that a forty-six-month sentence was appropriate. See Pauley, 511 F.3d at 474.

Perez-Limon also argues that the within-Guidelines Sentence is not entitled to this court's presumption of reasonableness because the sixteen-level enhancement he received is not based on empirical data as required by Kimbrough v. United States, 552 U.S. 85 (2007). Kimbrough, however, did not require district courts to consider the presence or absence of empirical data underlying the Guidelines, United States v. Rivera-Santana, 668 F.3d 95, 101-02 (4th Cir. 2012), nor did it require appellate courts to discard the presumption of reasonableness for sentences "based on non-empirically grounded Guidelines," United States v. Mondragon-Santiago, 564 F.3d 357, 366 (5th Cir. 2010). Thus, we conclude that Perez-Limon's

sentence is entitled to a presumption of substantive reasonableness.

Because Perez-Limon did not rebut the reasonableness presumption, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED